UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-PO-7 |
| v. | ) | |
| | ) | |
| COREY BRUCE PATRICK, | ) | (SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The Defendant appeared before the Court on March 26, 2015, for the continuation of a revocation hearing on the United States' Motion for Pretrial Bond Revocation [Doc. 8]. Assistant United States Attorney Brooklyn Sawyers appeared on behalf of the Government. Assistant Federal Defender Laura E. Davis represented the Defendant, who was also present. On February 4, 2015, the Court placed the Defendant on unsupervised release and entered an Order Setting Conditions of Release [Doc. 4]. The conditions of the Defendant's release included that he not commit any other federal, state, or local crime; refrain from any use of alcohol; and report any contact with law enforcement to the pretrial services office. On March 4, 2015, the Government moved to revoke the Defendant's pretrial release, contending that the Defendant was arrested on February 25, 2015, in Humphreys County, Tennessee, for driving under the influence of an intoxicant and for driving on a suspended license. The Government also alleged that the Defendant smelled of alcohol at the time of his arrest.[1]

---

[1] At the Government's request [Doc. 8], the Court issued an arrest warrant for the Defendant on March 4, 2015. Before the warrant was executed, the Defendant attempted to self report on March 5 but had to return to his home in New Johnsonville, Tennessee, because the interstate was closed due to ice and inclement weather. The Defendant was scheduled for surgery on

The parties first appeared for a revocation hearing on March 11, 2015. The Government argued that the Defendant is a danger to the community and proffered that he had been arrested on February 25, 2015. The Government proffered that at the time of his arrest, the arresting officer observed the Defendant to have a strong odor of alcohol, watery eyes, and slurred speech. She stated that the Defendant also failed field sobriety tests. AUSA Sawyers stated that following the February 25 arrest, the Defendant's blood was drawn but that the results were not yet available. AUSA Sawyer stated that the Defendant's driver's license was suspended prior to February 25 and that the Defendant never reported the February 25 arrest to the Court or to pretrial services.

Ms. Davis argued that the Defendant reported drinking alcohol on a single occasion while on release. She stated that he did not have notice that his driver's license was suspended in December for failure to pay a speeding ticket in July. She asserted that the Defendant has a speech impediment and that at the time of the February 25 arrest, the Defendant had not been getting enough sleep. She argued that the Defendant was in need of medical care and could no longer drive due to his recent shoulder surgery. She contended that there were conditions, such as an absolute ban on driving, that would protect the community.

The Court continued the revocation hearing two weeks to permit the Government to get the results from the February 25 blood test. The Defendant was released but his conditions were modified [Doc. 10] to include home confinement and a ban on driving.

The parties appeared again on March 26. The Government presented the testimony of Humphreys County Sheriff Department Deputy Ryan Lawser, who stopped and arrested the Defendant on February 25, 2015, for driving while intoxicated. The Government offered the

---

Monday, March 9, so he was permitted to self report after the surgery. The Defendant appeared on March 11, 2015.

Official Alcohol and Toxicology Reports [Exh. 1] for the Defendant's February 25 blood sample. Attorney Davis entered the Defendant's medical records [Exh. 2] from Dr. Juan Stacy Dinkins, which included that Dr. Dinkins had prescribed Norco (which is hydrocodone and acetaminophen) for the Defendant on January 13, 2015. She also proffered that the Defendant had a prescription for oxycodone and that he took antihistamines and decongestants due to problems with his sinuses. The Court asked the probation officer to administer a drug test to the Defendant, who tested positive for oxycodone.

AUSA Sawyers argued that the Court should revoke the Defendant's release because he had admitted to drinking alcohol on February 25, drove although he had consumed alcohol along with prescription narcotics, and failed to report his February 25 arrest. Ms. Davis argued that the Defendant could be released on more stringent conditions. She stated that the field sobriety tests did not show that the Defendant was intoxicated on February 25 and the blood test results showed that he was not driving under the influence of alcohol. With regard to the toxicology report, she argued that the Defendant had prescriptions for both oxycodone and hydrocodone and that the extremely low level of methamphetamine in the Defendant's blood was from antihistamines. She asserted that the Defendant had complied with the new conditions imposed by the Court on March 11 and that he now appreciated the seriousness of those conditions, including that he not drink alcohol.

The Court has conducted a hearing pursuant to 18 U.S.C. § 3148 to determine whether the Defendant violated the terms of his pretrial release and, if a violation has occurred, whether sanctions are appropriate. The Court finds probable cause to believe that the Defendant has committed a federal, state, or local crime by driving on a suspended license. 18 U.S.C. § 3148(b)(1)(A). This finding is based upon the Government's proffer that the Defendant's license

3

Case 3:15-po-00007-CCS   Document 14   Filed 03/27/15   Page 3 of 5   PageID #: 26

was revoked in December 2014, and the Court's observation of the Defendant driving on the video recording from February 25, 2015, made by Deputy Lawser's in-car camera. This finding creates a rebuttable presumption that no condition or combination of conditions will assure the safety of the community. 18 U.S.C. § 3148(b). The Court also finds clear and convincing evidence that the Defendant consumed alcohol, based upon his admission of same on February 25, and that the Defendant failed to report his February 25 arrest to the pretrial services office or to the Court. 18 U.S.C. § 3148(b)(1)(B).

Finally, the Court has considered other conditions that it might impose upon the Defendant but finds that the Defendant's history of noncompliance and excuses reveals that he is unlikely to abide by any conditions that the Court might impose, especially a condition that he not drive while under the influence of drugs or alcohol. Thus, the Court finds that no condition or combination of conditions of release exist that will assure that the Defendant will not pose a danger to the safety of any other person or the community and that the Defendant is unlikely to abide by any condition or combination of conditions of release. See 18 U.S.C. § 3148(b)(2). Accordingly, the Government's Motion for Pretrial Bond Revocation [**Doc. 8**] is **GRANTED** and the Order Setting Conditions of Release [**Doc. 10**] is hereby **REVOKED**.

The Defendant is **ORDERED** remanded to the custody of the United States Marshal to await his trial, which is presently scheduled for **June 24, 2015**. The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections

4

Case 3:15-po-00007-CCS   Document 14   Filed 03/27/15   Page 4 of 5   PageID #: 27

facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

              ENTER:

                s/ C. Clifford Shirley, Jr.
              United States Magistrate Judge